IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARCUS TREMAINE ALLEN, TDCJ #1478404, | § § § | |
| Petitioner, | § § | |
| v. | § § § | CIVIL ACTION NO. H-19-0972 |
| LORIE DAVIS, Director, Texas Department of Criminal Justice - Correctional Institutions Division, | § § § § § | |
| Respondent. | § § | |

**MEMORANDUM OPINION AND ORDER**

Marcus Tremaine Allen has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1) to challenge a conviction that was entered against him in Harris County, Texas, in 2015. Now pending is Respondent [Lorie] Davis's Motion to Dismiss With Brief in Support ("Respondent's Motion") (Docket Entry No. 15), arguing that the Petition is barred by the governing one-year statute of limitations. In response Allen has filed "Petitioner's Motion to Dismiss Respondent's Motion to Dismiss with Supporting Brief" ("Petitioner's Motion") (Docket Entry No. 17). After considering the pleadings, the state court records, and the applicable law, the court will grant Respondent's Motion and will dismiss this action for the reasons explained below.

I.  **Background and Procedural History**

A Harris County grand jury returned an indictment against Allen in Case No. 1472030, charging him with possession of a controlled substance, namely methamphatamine weighing less than one gram by aggregate weight.[1]  That indictment was enhanced for purposes of punishment with allegations that Allen had two prior felony convictions for possession with intent to deliver a controlled substance and for unlawful possession of a firearm as a felon.[2] After a jury in the 185th District Court for Harris County found Allen guilty as charged in the indictment, the trial court found that the enhancement allegations were "true" and sentenced Allen to 10 years' imprisonment on November 6, 2015.[3]

On direct appeal Allen's appointed counsel filed a motion to withdraw and a brief pursuant to Anders v. California, 87 S. Ct. 1396 (1967), certifying that a review of the record disclosed no reversible error and that the appeal was without merit.[4] After conducting an independent review of the record, the court of appeals concluded that the appeal was frivolous and affirmed the judgment.  See Allen v. State, No. 01-15-000984-CR, 2016 WL

---

[1]Indictment, Docket Entry No. 16-9, p. 8. For purposes of identification, all page numbers refer to the pagination imprinted by the court's electronic filing system, CM/ECF.

[2]Id.

[3]Judgment of Conviction by Jury, Docket Entry No. 16-9, p. 27.

[4]Appellant's Brief, Docket Entry No. 16-7, p. 3.

4368571, at *1 (Tex. App. — Houston [1st Dist.] Aug. 16, 2016) (per curiam). Because Allen did not appeal further by filing a petition for discretionary review with the Texas Court of Criminal Appeals, his conviction became final thirty days later on September 15, 2016.[5]

While his direct appeal was still pending Allen executed the first of two Applications for a Writ of Habeas Corpus Seeking Relief from [a] Final Felony Conviction Under [Texas] Code of Criminal Procedure Article 11.07 ("First State Habeas Application"), challenging the trial court's failure to grant him credit for time spent in custody while a pretrial detainee in Case No. 1472030.[6] The state habeas corpus court found that it lacked jurisdiction because Allen's conviction was not yet final and recommended dismissing the Application.[7] The Texas Court of Criminal Appeals adopted that finding and dismissed Allen's First State Habeas Application for lack of jurisdiction on October 5, 2016.[8]

---

[5]See Tex. R. App. P. 68.2(a) ("The petition must be filed within 30 days after . . . the day the court of appeals' judgment was rendered . . .").

[6]First State Habeas Application, Docket Entry No. 16-27, pp. 5-15. The Application was file stamped as received by the Harris County District Clerk's Office on July 13, 2016. See id. at 5.

[7]State's Proposed findings of Fact, Conclusions of Law, and Order, Docket Entry No. 16-27, p. 32.

[8]Action Taken on Writ No. 71,655-03, Docket Entry No. 16-18, (continued...)

On May 29, 2017, Allen executed a second Application for a Writ of Habeas Corpus Seeking Relief from [a] Final Felony Conviction Under [Texas] Code of Criminal Procedure Article 11.07 ("Second State Habeas Application"), which raised the following grounds for relief from his conviction in Case No. 1472030:

1. The trial court erred by denying him a continuance to obtain testimony from unspecified witnesses.

2. The trial court made an improper statement during voir dire, advising jurors that it was their "lucky day" because this was "going to be a pretty quick case" to try.

3. He was denied effective assistance of counsel because his attorney did not investigate potential witnesses and would not allow him to testify on his own behalf.

4. His trial attorney was ineffective because she did not prepare a defense.

5. His trial attorney was deficient for not investigating the validity of the enhancement paragraphs in the indictment.

6. The trial court erred by denying his attorney's motion for a directed verdict based on "favorable" evidence in the offense report about the number of pills found in Allen's possession.

7. His trial attorney was ineffective because she did not object to arguments by the prosecutor, who described Allen as a "drug dealer."

8. He was denied due process because the State did not file its complaint against him within the proper time limit after his arrest.

---

[8](...continued)
p. 1.

> 9. He was denied due process because the State failed to convene a prompt probable cause hearing after his arrest.
>
> 10. He was denied due process because he was not arraigned in a timely manner by the trial court.
>
> 11. His trial attorney was ineffective for failing to object to the body of the indictment for not "showing the jurisdiction" or location of the offense.
>
> 12. His trial attorney was ineffective for failing to investigate whether there was an illegal search and seizure in violation of the Fourth Amendment.[9]

The state habeas corpus court forwarded the record to the Texas Court of Criminal Appeals without a recommendation after Allen filed a petition for a writ of mandamus.[10] The Texas Court of Criminal Appeals considered Allen's Second State Habeas Application and denied relief without a written order on October 3, 2018.[11]

On March 11, 2019, Allen filed the pending Petition for federal habeas corpus relief under 28 U.S.C. § 2254 from his state court conviction in Case No. 1472030.[12] Allen raises the following grounds for relief:

> 1. The trial court erred by denying him a continuance

---

[9] Second State Habeas Application, Docket Entry No. 16-34, pp. 5-29.

[10] Order to Forward Habeas Record, Docket Entry No. 16-34, p. 80.

[11] Action Taken on Writ No. 71,655-05, Docket Entry No. 16-31, p. 1.

[12] Petition, Docket Entry No. 1, p. 10 (indicating that Allen placed his Petition in the prison mailing system on March 11, 2019).

-5-

>     to obtain testimony from unspecified witnesses.
>
> 2.  The trial court made an improper statement during voir dire, advising jurors that it was their "lucky day" because the case would likely be over "rather quickly."
>
> 3.  He was denied effective assistance of counsel because his attorney did not investigate the case or understand the applicable law.
>
> 4.  There was a "fatal variance" between the evidence presented at trial and the charge in the indictment.
>
> 5.  The trial court erred by allowing one of the State's witnesses (a detective) to refresh his recollection of the offense by referring to the arrest report.
>
> 6.  The trial court failed to afford him a timely probable cause hearing after his arrest.
>
> 7.  He was denied effective assistance of counsel at trial because his attorney failed to prepare a defense.
>
> 8.  Trial counsel failed to comply with Allen's desire to testify in his own behalf.[13]

The respondent argues that the Petition must be dismissed as barred by the governing one-year statute of limitations on federal habeas corpus review.[14] Without addressing any of the respondent's arguments, Allen contends that the court should disregard the statute of limitations and proceed to review the merits of his

---

[13]Id. at 6-10.

[14]Respondent's Motion, Docket Entry No. 15, pp. 4-9.

claims.[15]

## II. Discussion

### A. The One-Year Statute of Limitations

According to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[15] Petitioner's Motion, Docket Entry No. 17, pp. 3-8.

-7-

28 U.S.C. § 2244(d)(1). Because the pending Petition was filed well after April 24, 1996, the one-year limitations period clearly applies. See Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 117 S. Ct. 2059, 2068 (1997)).

As noted above, Allen's conviction became final when his time to file a petition for discretionary review with the Texas Court of Criminal Appeals on September 15, 2016. See Gonzalez v. Thaler, 132 S. Ct. 641, 653-54 (2012) (observing that the judgment became final for purposes of the AEDPA statute of limitations when the petitioner's time for seeking review with the State's highest court expired). That date triggered the limitations period under § 2244(d)(1)(A), which expired one year later on September 15, 2017.[16] As a result, the pending Petition that was submitted by Allen for filing on March 11, 2019, is well over a year late and is barred by the statute of limitations unless a statutory or equitable exception applies.

B. The Availability of Tolling Under 28 U.S.C. § 2244(d)(2)

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed application for [s]tate post-conviction or other collateral review" is pending shall not count toward the limitations period on federal habeas review. Allen's First State Habeas Application did not toll the limitations period because it

---

[16]Respondent's Motion, Docket Entry No. 15, p. 6.

was filed before the conviction became final while his direct appeal was still pending. See Larry v. Dretke, 361 F.3d 890, 894-95 (5th Cir. 2004) (holding that a state habeas application that was dismissed because the defendant's direct appeal was still pending was not "properly filed" for purposes of § 2244(d)(2)).

The respondent acknowledges that Allen's Second State Habeas Application, which was filed at the earliest on May 29, 2017, and denied by the Texas Court of Criminal Appeals on October 3, 2018, tolls the statute of limitations for 493 days while it was pending in state court.[17] With tolling for this amount under § 2244(d)(2), the statute of limitations on federal review was extended from September 15, 2017, to January 21, 2019. Allen's federal Petition, filed on March 11, 2019, remains late by nearly two months (50 days) and is time-barred unless another exception applies.

**C. There is No Other Basis for Statutory or Equitable Tolling**

Allen does not assert that he was subject to state action that impeded him from filing his Petition in a timely manner. See 28 U.S.C. § 2244(d)(1)(B). None of his claims are based on a constitutional right that has been newly recognized by the Supreme Court. See 28 U.S.C. § 2244(d)(1)(C). Likewise, none of his claims raise a constitutional issue that is based on a "new factual predicate" that could not have been discovered previously if the petitioner had acted with due diligence. See 28 U.S.C.

---

[17]Id. at 6-7.

§ 2244(d)(1)(D).

Equitable tolling is available "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814 (2005)). Allen does not explain his delay in this case or allege facts showing that he pursued review of his claims with the requisite diligence. He does not otherwise show that he was prevented from seeking federal review in a timely manner by an extraordinary circumstance.

Although Allen represents himself, it is well established that a petitioner's status as a pro se prisoner who lacks legal training is not an exceptional circumstance that warrants equitable tolling. See Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999); see also Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2003) (noting that a petitioner's ignorance or mistake is insufficient to warrant equitable tolling); Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir. 1991) (finding that "lack of knowledge of the filing deadlines," "lack of representation," "unfamiliarity with the legal process," illiteracy, and "ignorance of legal rights" generally do not justify tolling).

Because Allen fails to establish an exception to the AEDPA statute of limitations, the Respondent's Motion will be granted and the Petition will be dismissed as untimely under 28 U.S.C. § 2244(d)(1).

## III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, this court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct  Therefore, a certificate of appealability will not issue.

### IV. Conclusion and Order

Accordingly, the court **ORDERS** as follows:

1. Respondent's Motion to Dismiss (Docket Entry No. 15) is **GRANTED** and Petitioner's Motion to Dismiss Respondent's Motion to Dismiss with Supporting Brief (Docket Entry No. 17) is **DENIED**.

2. The Petition for a Writ of Habeas Corpus By a Person in State Custody filed by Marcus Tremaine Allen (Docket Entry No. 1) is **DISMISSED with prejudice**.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 27th day of Sept., 2019.

SIM LAKE
UNITED STATES DISTRICT JUDGE